THE PEOPLE EX REL. BARNES ET AL. V. THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT ET AL.

PETITION for writ of prohibition.

STONE, J.   This is an original application to this court by petition for a writ of prohibition to restrain the further action of the district court of the fourth judicial district and others from further proceeding in the matter of a temporary injunction issued by the judge of said court, and to prevent the appointment of a receiver by said court in respect to certain property and matters in litigation in a certain suit then pending in this court, entitled R. L. De Lay and others, appellants, against The Leadville Improvement Company, appellee, numbered 1091 on the docket of this court, and to restrain all further proceedings under and by virtue of the order of the judge of the district court aforesaid in granting the said temporary writ of injunction, etc.

An inspection of the records of this court discloses the fact that, subsequent to the filing of the petition for the said writ of prohibition, and the answer thereto, to wit, on the 4th day of December, A. D. 1883, an order was entered in this court in the words following, to wit:

"R. L. De Lay et al., appellants, v. The Leadville Im-

provement Company, appellee. Appeal from district court of Lake county. At this day, this cause coming on to be heard upon the motion of said appellee and written stipulation of parties filed herein, it is ordered by the court, in pursuance of said stipulation, that the injunction heretofore issued in this cause be, and the same is hereby, dissolved, without prejudice; and that the judgment of said district court be, and the same is hereby, affirmed at the cost of said appellants. It is further ordered by the court that both parties have leave to withdraw from the files the abstract of title and other title papers heretofore filed herein."

The judgment of the district court above referred to as affirmed by the foregoing order is the judgment of the district court of Lake county, from which the appeal was taken to this court, but the injunction in question was issued by the judge of the fourth judicial district upon an application therefor, by reason that the judge of the Lake district court, who was presiding at the time of the making of the application for injunction, had previously been of counsel in the case, and, therefore, said application was made to the judge of the fourth district, who thereafter allowed the temporary writ to go; and the petition to this court for the writ of prohibition was based upon the ground of want of jurisdiction in the district court or judge thereof to interfere in the case while the same was pending on appeal in the supreme court.

From this state of facts it is obvious that the order of this court dissolving the injunction, and determining the principal case by affirming the judgment therein of the Lake county court, from which the case was appealed to this court, has also accomplished all that was sought by the petition in the case now before us, and the said petition will therefore be ordered dismissed at the cost of the relators.

*Petition dismissed.*